David A. Chami, AZ #027585
PRICE LAW GROUP, APC
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 866-881-2133
F: 866-401-1457
E: david@pricelawgroup.com
Attorneys for Plaintiff
Jose Collucci

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JOSE COLLUCCI,<br><br>               Plaintiff,<br>vs.<br><br>M&T BANK; and EQUIFAX<br>INFORMATION SERVICES LLC<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**<br><br>THE FAIR CREDIT REPORTING ACT<br>[15 USC § 1681 et. seq.] |

## <u>INTRODUCTION</u>

1. JOSE COLLUCCI ("Plaintiff") bring this action to secure redress from M&T Bank ("M&T") and Equifax Information Services LLC ("Equifax") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiff's credit reports.

///

///

## **PARTIES**

2. Plaintiff Jose Collucci is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in: Maricopa County, Arizona.

3. Defendant M&T Bank is a bank and mortgage company that offers servicing, origination, and transaction-based real estate services to people including homeowners, home buyers, home sellers, investors, and other real estate market participants. M&T's main headquarters is located in Buffalo, New York and regularly transacts business throughout the United States including Arizona and can be served at Corporation Service Company, 2338 W Royal Palm Rd., Suite J, Phoenix, AZ 85021.

4. M&T is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

5. Defendant, Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f)). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix, Arizona 85021.

COMPLAINT AND DEMAND FOR JURY TRIAL

6. On information and belief, Equifax disburses the *consumer reports* to third parties under contract for monetary compensation.

7. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **JURISDICTION**

8. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.  Defendants transact business in this district, as such personal jurisdiction is established.

## **FACTUAL ALLEGATIONS**

10. In or around March 2016, Plaintiff entered into a purchase contract to sell his residence.

11. Plaintiff was instructed that the closing would occur in April of 2016 and therefore he should not make is April mortgage payment so that the escrow company could obtain an accurate payoff amount.

12. Upon information and belief, it is common practice for mortgagees to refrain from making a mortgage payment in the month that the sale is intended to close.

COMPLAINT AND DEMAND FOR JURY TRIAL

13. On April 29, 2016 Plaintiff received confirmation that the closing had been finalized and that the funds to pay off the mortgage were in the escrow company's possession; the company was to pay off the balance of the mortgage by wire that day.

14. Again on April 29, 2016, Plaintiff was instructed that he would not be required to make a mortgage payment.

15. In or around May of 2016, Plaintiff received notice that an error had occurred in the electronic transfer of the funds to Defendant M&T.

16. Plaintiff was advised that the funds were paid in full to M&T on May 10, 2016.

17. Plaintiff discovered that M&T began reporting him late on his credit report for his mortgage payment that was due on April 1, 2016.

18. On May 25, 2016, Title Source (Plaintiff's escrow/title company) sent M&T a letter explaining that Plaintiff's mortgage pay off was late due to a transmission error by Title Source and not due to any conduct by Plaintiff.

19. In or around September of 2016, Plaintiff checked his credit report and noticed that Equifax was reporting a late payment on his M&T Bank mortgage account #0053073987 for the month of May 2016.

20. On or about September 8, 2016, in an effort to correct the inaccurate information, Plaintiff sent dispute letters to Defendants Equifax and M&T.

COMPLAINT AND DEMAND FOR JURY TRIAL

21. The dispute letters explained that he paid off his entire mortgage of $260,071.91 on time on April 29, 2016 but that the escrow company made an error.

22. In response Defendant M&T sent a letter dated September 13, 2016 refusing to change the late payment status alleging that the reporting was accurate.

23. Along with the dispute letters, Plaintiff attached documents that showed the on-time payment date and that the full remaining balance of $260,071.91 was paid to the title company and an attempt to wire the funds was not successful.

24. On or about October 11, 2016, Plaintiff received a response from Equifax stating that they had deleted the incorrect information from his credit report.

25. On October 13, 2016, Plaintiff received a letter from M&T Bank explaining that the late payment information had been corrected in their system and that they had notified the credit reporting agencies to remove the late payment for April 2016.

26. Plaintiff later applied for credit and was denied.

27. On or about March 23, 2017, Plaintiff pulled his credit report again and noticed M&T began reporting him late on his Equifax report in May 2016; the same month the mortgage was paid in full.

28. Defendant M&T continues to report inaccurate information to Equifax.

29. The reporting by Defendants has caused Plaintiff to not qualify for several lines of credit and to receive a high interest rate when he does qualify.

COMPLAINT AND DEMAND FOR JURY TRIAL

30. The removal and re-addition of the inaccurate reporting on Plaintiff's credit report has caused Plaintiff emotional distress and mental anguish.

**FIRST CAUSE OF ACTION**
**All Defendants**
**Violations of the FCRA, 15 U.S.C. § 1681** *et. seq.*

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The FCRA requires a furnisher such as M&T, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33. Since April 2016 and until the present, M&T has provided inaccurate information to Equifax.

34. During that time, Plaintiff notified both Equifax and M&T that the reported account late payment was incorrect.

35. Defendant M&T is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

COMPLAINT AND DEMAND FOR JURY TRIAL

(a)   Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)   Willfully and negligently failing to review all relevant information concerning Plaintiff mortgage;

(c)   Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)   Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)   Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(g)   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

36. Defendant M&T's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damages and harm to Plaintiff that are

COMPLAINT AND DEMAND FOR JURY TRIAL

outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

37. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

38. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).   In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

COMPLAINT AND DEMAND FOR JURY TRIAL

39. The Defendant, credit-reporting agency, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

40. The Defendant, credit-reporting agency, failed to review and consider all relevant information submitted by Plaintiff.

41. The Defendant, credit reporting agency, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

42. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

43. The Defendant credit-reporting agency's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1681n(a);

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a);

C. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

COMPLAINT AND DEMAND FOR JURY TRIAL

E.  Any pre-judgment and post judgment interest as may be allowed under the law; and

F.  For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.


Respectfully submitted this 5th day of May, 2017.


**PRICE LAW GROUP, APC**

By:  /s/David A. Chami

David A. Chami
Attorneys for Plaintiff
Jose Collucci

COMPLAINT AND DEMAND FOR JURY TRIAL